UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AVERY,<br><br>    Plaintiff,<br><br>    v.<br><br>RAFAEL ARREOLA, et al.,<br><br>    Defendants. | Case No. 22-cv-08940-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 38 |

On October 13, 2023, the Court held a hearing on defendants' motion to dismiss the second amended complaint ("SAC"). At the hearing, the Court requested plaintiff file a declaration attaching the administrative complaint he references in the SAC. Plaintiff filed his declaration on October 18, 2023. Dkt. No. 46.

The Court now rules as follows.

**BACKGROUND**

Plaintiff Jeffery Avery brings this civil rights complaint against Bay Area Rapid Transit ("BART") police officers Rafael Arreola, N. Washam, M. Norriega, and R. Martinez (collectively, "defendants"), as well as Does 1-25. The second amended complaint alleges that plaintiff worked for BART at the time of the incident. Dkt. No. 32, SAC ¶ 10.

On October 16, 2020, at approximately 1:00 am, plaintiff was sleeping "in his car inside a BART parking lot, while waiting for his shift to start."[1] *Id.* Defendants pulled up to plaintiff's car and ordered plaintiff to exit the car while "pointing their firearms directly at the Plaintiff and then

---

[1] Plaintiff's declaration states the encounter occurred around 4:00 PM. Dkt. No. 46, Avery Decl. ¶ 4. The hour the event took place has no impact on the issues before the Court today.

placing him in handcuffs." *Id.* ¶ 12. "Afraid for his life," plaintiff explained "that he was a BART employee, waiting for his shift to start." *Id.* ¶ 13. The SAC further alleges that "[w]hile the Plaintiff was detained in handcuffs, the Defendant officers searched the Plaintiff's car without his consent." *Id.* ¶ 14. After verifying plaintiff's story, defendants released plaintiff. *Id.* ¶ 15.

Plaintiff alleges that, as a result of the encounter, he "became despondent and suffered severe depression and PTSD which hindered his ability to think clearly and caused him to lack the legal capacity to make any decisions regarding filing a lawsuit for approximately six months, which entitles him to equitable tolling for that time period." *Id.* ¶ 16.

On or about November 15, 2020, plaintiff "filed an administrative complaint with BART . . . based on the same facts and injuries alleged in this present civil action, and . . . these claims were acted on by the Office of the Independent Police Auditor (OIPA)."[2] *Id.* ¶ 21. On September 9, 2021, OIPA sent its findings to plaintiff, finding some of the allegations "Exonerated," some "Unfounded," and some "Sustained." *Id.* ¶¶ 22-23. The SAC alleges that the statute of limitations for plaintiff to file this civil rights suit "was equitably tolled between the time period of November 15, 2020[,] to September 9, 2021 for a total of 298 days."[3] *Id.* ¶ 24.

On December 16, 2022, plaintiff filed this lawsuit in federal court against BART police officers Does 1-25. *Id.* ¶ 25; *see also* Dkt. No. 1. Plaintiff did not serve defendants by the deadline specified in the federal rules. *See* Dkt. No. 14. On June 26, 2023, plaintiff voluntarily filed a first amended complaint. Dkt. No. 25. On July 18, 2023, with leave of the Court, *see* Dkt. No. 30, plaintiff filed the SAC, naming the four individual defendants. Dkt. No. 32. The SAC is now the operative complaint. The SAC lists three causes of action under 42 U.S.C. § 1983, for violation of

---

[2] At the hearing, plaintiff's counsel stated that he had a copy of the OIPA complaint, and the Court asked plaintiff to file a declaration attaching it. The subsequently-filed declaration attaches the results of the investigation, but not the complaint that initiated it. *See* Avery Decl., Ex. 1. In the declaration, plaintiff indicates that he called OIPA in November 2020 and spoke with an individual over the phone but that he "never saw the actual OIPA complaint that was generated." Avery Decl. ¶ 12. Plaintiff further states that he does not recall the exact date he filed the complaint but that it was "sometime in November." *Id.*

[3] Elsewhere in the SAC, plaintiff alleges entitlement "to an additional 298 days *minus 30 days* added to his two-year statute of limitations. . . ." *See* SAC ¶ 25 (emphasis added). At the hearing, plaintiff's counsel clarified that he is arguing for 298 days of tolling based on the filing of the OIPA complaint.

2

1  plaintiff's Fourth Amendment rights: false arrest, excessive force, and unlawful search.

2  On August 18, 2023, defendants moved to dismiss under Federal Rule of Civil Procedure
3  12(b)(1) and 12(b)(6), arguing that the claims are barred by the statute of limitations and equitable
4  tolling does not apply.  Dkt. No. 38.

5  On October 13, 2023, the Court held a hearing on the matter.

**LEGAL STANDARD**

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Hunyh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Factual challenges do not detract from the "legal sufficiency" of a well-pled complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  If the court dismisses the complaint, it must then decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**DISCUSSION**

The parties do not dispute that the applicable statute of limitations is two years and that plaintiff filed his complaint outside of that two-year period.[4]  The incident occurred on October 16,

---

[4] The statute of limitations for claims under 42 U.S.C. § 1983 is "the personal injury statute of limitations of the state in which the cause of action arose."  *Alameda Books, Inc. v. City of Los*

1    2020, and plaintiff filed his case in federal court on December 16, 2022, approximately two months
2    after the two year period. The parties now dispute whether tolling applies.
3        Plaintiff contends that tolling applies due to: (1) his alleged mental incapacity, and (2) his
4    filing of the OIPA complaint. SAC ¶¶ 16, 24.

6    **I.    Mental Incapacity**
7        Plaintiff first seeks to toll the statute of limitations based on mental incapacity, alleging, "As
8    a result of the incident, the Plaintiff became despondent and suffered severe depression and PTSD,
9    which hindered his ability to think clearly and caused him to lack the legal capacity to make any
10   decisions regarding filing a lawsuit for approximately six months . . . ." SAC ¶ 16. Both parties
11   agree that mental incapacity is governed by California Code of Civil Procedure Section 352(a). *See*
12   Dkt. No. 38, Mot. at 6-7; Dkt. No. 42, Opp'n at 4.
13       Section 352(a) states that if a person entitled to bring an action "is, at the time the cause of
14   action accrued . . . lacking the legal capacity to make decisions, the time of the disability is not part
15   of the time limited for the commencement of the action." Cal. Civ. Proc. Code § 352(a). To invoke
16   tolling under Section 352(a), a plaintiff must show that he was "incapable of caring for [his] property
17   or transacting business or understanding the nature or effects of [his] acts." *Estate of Stern v. Tuscan*
18   *Retreat, Inc.*, 725 F. App'x 518, 521 (9th Cir. 2018) (quoting *Alcott Rehab. Hosp. v. Superior Ct.*,
19   93 Cal. App. 4th 94, 101 (2001)). The key inquiry is whether the person bringing the action was
20   "sufficiently aware of the nature or effects of [their] acts to be able to comprehend such business
21   transactions as the hiring of an attorney and the instigation of a legal action." *Id.* (quoting *Hsu v.*
22   *Mt. Zion Hosp.*, 259 Cal. App. 2d 562, 575 (1968)). Even hospitalization for mental illness may not
23   meet the standard for tolling under Section 352(a), if the person was still "capable of transacting
24   business and carrying out [their] affairs, either during occasional lucid intervals or throughout [their]
25   hospitalization." *Id.* at 522 (quoting *Hsu*, 259 Cal. App. 2d at 573). "Moreover, incapacity must

27   *Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, "[b]y legislation that became effective
28   on January 1, 2003, the statute of limitations . . . [is] two years." *Andonagui v. May Dept. Stores Co.*, 128 Cal. App. 4th 435, 440 (2005) (citing Cal. Civ. Proc. Code § 335.1).

4

1    exist at the time the claims accrue, and tolling lasts only until the plaintiff regains capacity." *Id.*
2    (citations omitted).

3          Here, plaintiff's allegations do not meet the standard for incapacity under Section 352(a).
4    Although plaintiff alleges despondency, severe depression, and PTSD "that hindered his ability to
5    think clearly," this is not the same as being "incapable of caring for his property or transacting
6    business or understanding the nature or effects of his acts . . . ." *See Alcott Rehab. Hosp.*, 93 Cal.
7    App. 4th at 101; SAC ¶ 16.

8          The SAC also suffers from factual deficiencies regarding the timing of plaintiff's alleged
9    incapacity. Plaintiff does not allege that he was incapacitated "at the time the claims accrue[d],"
10   *see Estate of Stern*, 725 F. App'x at 522, but only that his mental incapacity came on at some
11   unspecified point *after* the incident. SAC ¶ 16; Opp'n at 4 ("after the incident on October 16, 2020,
12   Plaintiff 'became despondent and suffered severe depression and PTSD . . .'"). Defendants correctly
13   note that plaintiff's allegation that he "filed an administrative complaint with BART on November
14   15, 2020[,]" *see* SAC ¶ 21, tends to undercut his assertion of mental incapacity, unless he is alleging
15   that he became incapacitated after the filing of the OIPA complaint. From the bare allegations of
16   the SAC, it is unclear when plaintiff alleges the incapacity began and ended.

17         In sum, plaintiff's allegations regarding mental incapacity fail to meet the standard for tolling
18   under California Code of Civil Procedure Section 352(a). Because plaintiff has not previously
19   received leave to amend the complaint in this regard, the Court will give him one opportunity to
20   amend these allegations, if he can.

21         Accordingly, the Court GRANTS defendants' motion to dismiss the SAC, with leave to
22   amend the mental incapacity allegations.

23

24   **II.   OIPA Complaint**

25         Plaintiff also pleads what the Court understands to be an alternative theory, arguing for
26   equitable tolling of 298 days from the date he filed the OIPA complaint on November 15, 2020, to
27   the date he received the OIPA findings on September 9, 2021. SAC ¶ 24.

28         Federal courts "borrow our rules for equitable tolling of the period from the forum state,"

5

1    here, California. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (citations
2    omitted). Courts in California apply a three-pronged test to determine whether a plaintiff is entitled
3    to equitable tolling: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice
4    to the defendant in gathering evidence to defend against the second claim; and (3) good faith and
5    reasonable conduct by the plaintiff in filing the second claim." *Lucchesi v. Bar-O Boys Ranch*, 353
6    F.3d 691, 694 (9th Cir. 2003) (citation omitted). Analysis of each prong requires a "*practical*
7    inquiry" related to the "*specific* circumstances of the prior claim," making equitable tolling "not
8    generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint
9    alone." *Cervantes*, 5 F.3d at 1276. While California courts have not provided a clear definition of
10   "good faith" for purposes of equitable tolling, a party's undue delay or unreasonableness in filing
11   the second claim may indicate lack of good faith for equitable tolling. *Ervin v. Los Angeles Cnty.*,
12   848 F.2d 1018, 1020 (9th Cir. 1988).

13       Defendants argue that equitable tolling for plaintiff's OIPA complaint fails as a matter of
14   law. Defendants contend that an OIPA complaint is not "a legal remedy sufficient to toll the statute
15   of limitations" because such a complaint "is not intended to compensate an aggrieved individual;
16   rather, it is BART's internal check on alleged police misconduct." Mot. at 9-10. Defendants rely
17   on *Stone v. City and County of San Francisco*, 735 F. Supp. 340 (N.D. Cal. 1990), in which the
18   district court granted summary judgment in the defendant's favor after finding the plaintiff's filing
19   of a citizen's complaint with the police department did not equitably toll the statute of limitations.
20   *See* Mot. at 8. Defendants also ask the Court to take judicial notice of an OIPA complaint form,
21   arguing that "BART's OIPA complaint form does not provide the complainant with a space to
22   indicate what type of redress he or she seeks." *Id.* at 9; Dkt. 38-1 (Exhibit A). In addition,
23   defendants contend that plaintiff's delay in filing this action, 15 months after the issuance of the
24   OIPA findings, was unreasonable. Mot. at 10.

25       At the hearing, plaintiff argued for the first time that the law on equitable tolling changed in
26   2008, when the California Supreme Court decided *McDonald v. Antelope Valley Community*
27   *College District*, 45 Cal. 4th 88 (2008). Plaintiff argued that *McDonald* changed the test for
28   equitable tolling such that he no longer needs to show that he sought redress in a prior action. The

1  Court notes that *McDonald* described the principles of equitable tolling as "firmly established," and
2  cited other California cases that have employed the same three-element test for decades. *See*
3  *McDonald*, 45 Cal. 4th at 102-103 (citing, *inter alia*, *Addison v. State of California*, 21 Cal. 3d 313,
4  318-19 (1978)). While the Court is skeptical of plaintiff's reading of *McDonald*, the Court
5  nevertheless finds that the allegations of the SAC regarding equitable tolling based on the OIPA
6  complaint are sufficient at the pleading stage.

7  The Court DENIES defendants' request for judicial notice and DENIES defendants' motion
8  to dismiss the claims on statute of limitations grounds related to the OIPA complaint.[5] Here, the
9  parties' arguments raise factual questions that are not appropriate for resolution on a motion to
10 dismiss. Even assuming that defendants are correct that plaintiff must show that the OIPA complaint
11 process was designed to provide plaintiff with a legal remedy, that is a factual inquiry to be resolved
12 down the road. *See Cervantes*, 5 F.3d at 1275. The same goes for defendants' argument that plaintiff
13 unreasonably delayed after receipt of the OIPA findings in September 2021.

14 Nevertheless, should plaintiff choose to amend the complaint, he is granted leave to amend
15 the allegations regarding equitable tolling based on the filing of the OIPA complaint.

## CONCLUSION

18 For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants'
19 motion to dismiss on equitable tolling grounds related to the OIPA complaint, without prejudice to
20 renewal on a fuller factual record. The Court GRANTS defendants' motion to dismiss the SAC

---

[5] Defendants request judicial notice of: (1) a BART website regarding the purpose of the OIPA; and (2) a blank copy of an OIPA complaint form. Dkt. No. 38-1, RJN. Defendants assert that the website "sets forth facts concerning the purpose and function of the OIPA" and that the OIPA complaint form shows that this process is not intended to provide the claimant with any remedies and is therefore not "a separate, formal legal action[.]" *Id.* at 2-3; Mot. at 9-10.
Defendants' assertions are not facts "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b). In particular, nothing indicates that the complaint form defendants attach is the form plaintiff completed. Indeed, the attached form indicates that it was revised in July 2021, i.e., roughly eight months after plaintiff filed his OIPA complaint in November 2020. *See* RJN, Ex. A (indicating "Rev. 7/2021" at bottom lefthand corner of page). It therefore tells the Court nothing about the OIPA complaint that plaintiff filed following the incident relevant to this case.

regarding the mental incapacity allegations, with leave to amend.

**Any third amended complaint shall be filed no later than November 8, 2023.  If plaintiff fails to file a third amended complaint by that date, the second amended complaint shall be deemed the operative complaint.**

No further amendments to the pleadings are anticipated absent a properly noticed motion and leave of the Court.

**IT IS SO ORDERED**.

Dated: October 24, 2023

SUSAN ILLSTON
United States District Judge